# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. NOLAN WATSON, R25806, | |
| Petitioner, | |
| v. | No. 13 C 2276 |
| RANDY PFISTER, Warden, Pontiac Correctional Center, | Judge Thomas M. Durkin |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

Nolan Watson was convicted of two counts of aggravated criminal sexual assault, and is serving two consecutive prison terms of 20 years each at the Pontiac Correctional Center in Pontiac, Illinois, where he is in the custody of Warden Randy Pfister. *See* R. 27. Watson also pled guilty in four other sexual assault cases and was sentenced to concurrent sentences of 30, 30, 40, and 40 years, respectively. *See* R. 1. Watson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in two separate petitions—one challenging his conviction by jury, R. 27, and another challenging one of his guilty pleas. R. 28. The Warden jointly answered both petitions arguing that both should be denied because Watson's claims are procedurally defaulted. R. 59. For the following reasons, Watson's petitions are denied, and the Court declines to issue a certificate of appealability.

## Background

On August 17, 2006, Watson was convicted of aggravated sexual assault and kidnapping following a jury trial in Cook County. R. 27 at 1. After this conviction, Watson pled guilty to aggravated sexual assault in four other cases, and was sentenced to terms of imprisonment of 30, 30, 40, and 40 years, respectively, to run concurrently. *See People v. Watson*, 2012 WL 6935334, at *4-5 (Ill. App. Ct. 1st Dist. May 10, 2012). Testimony from the victim in one of the cases to which Watson pled guilty was admitted as evidence during Watson's jury trial. *Id.* On October 5, 2006, Watson was sentenced in the case in which he was convicted by a jury to two consecutive 20 year terms of imprisonment, which he is serving concurrently with the sentences on his guilty pleas. R. 27 at 1.

Watson filed a notice of appeal on December 21, 2006, which the Appellate Court denied eight days later as untimely. R. 60-1 at 60. Watson then filed a motion for leave to file a late notice of appeal, which the Appellate Court also denied on February 21, 2008. *Id.* at 48.

More than a year later, on June 3, 2009, Watson filed a pro se petition for post-conviction relief arguing that his trial counsel was ineffective for a number of reasons including counsel's failure (1) to adequately investigate the testimony of the victim in one of the cases to which Watson eventually pled guilty—what Watson refers to as the "other crimes evidence"—in order to prevent its admission into evidence during trial, and (2) to timely file a notice of appeal. R. 60-1 at 78-86. The

Circuit Court denied the petition. *Id.* at 53 (¶ 4). Watson filed a notice of appeal and the Office of the State Appellate Defender was appointed to represent him. *Id.* (¶ 5).

Upon review of the appeal record, Watson's counsel determined that Watson had "communicated his desire to appeal to his trial counsel in a timely manner and trial counsel had a duty to perfect the appeal." R. 60-1 at 54 (¶ 8). On this basis, Watson, represented by counsel, filed a motion with the Illinois Supreme Court for a supervisory order vacating the Appellate Court's denial of leave to file a late notice of appeal. *Id.* at 52-55. The Supreme Court granted the motion on October 7, 2010, and the Appellate Court vacated its order denying leave to file a late notice of appeal eleven days later. *Id.* at 104.

With the Illinois Supreme Court having reinstated Watson's right to proceed with a direct appeal, Watson did so through counsel, while simultaneously proceeding with his appeal on his post-conviction petition. To that end, in February 2011, Watson's counsel filed two separate briefs in the Appellate Court: one on February 14 in support of Watson's direct appeal, R. 60-1 at 106; and another on February 18 in support of Watson's appeal on his post-conviction petition, *id.* at 318. The brief on direct appeal argued that the trial court improperly admitted the "other crimes evidence." *Id.* at 107. In the brief on the post-conviction petition Watson argued that "trial counsel (1) failed to call a witness who would have corroborated Watson's consent defense; (2) failed to cross-examine the State's propensity witness with impeaching information readily available in a police report; and (3) failed to bring media coverage of Watson's arrest to the trial court's

3

attention." *Id.* at 319. Watson also argued that his trial counsel led him to believe that his guilty pleas would result in him serving no more than 30 years in prison. *Id.* at 321.

On his direct appeal, Watson also filed two pro se petitions to supplement his counsel's brief. *Id.* at 138, 191. In his petitions to supplement, Watson argued that trial counsel was ineffective because he failed to interview all the victims in the cases to which Watson plead guilty. *Id.* at 143. Watson also argued that the "other crimes evidence" that was admitted in his trial was based on "perjured testimony." *Id.* at 193. The Appellate Court denied Watson's petitions to supplement his brief. *Id.* at 205.

The Appellate Court denied both Watson's direct appeal and post-conviction petition. On September 29, 2011, the Appellate Court affirmed Watson's conviction on direct appeal, holding that where a defendant, like Watson, "claims the subject of a purported sexual assault in fact consented to a sexual encounter, evidence of prior sex offense committed by the defendant is relevant to prove the defendant's criminal intent." *Id.* at 255. On May 10, 2012, the Appellate Court also denied Watson's post-conviction petition. The court held that (1) trial counsel's decision not to call a certain witness to corroborate Watson's defense was reasonable, *see People v. Watson*, 2012 WL 6935334, at *8 (Ill. App. Ct. 1st Dist., May 10, 2012); (2) trial counsel did illicit the impeaching testimony Watson identified, *id.* at *11; (3) there was not a "reasonable probability that the result of the trial would have been different had counsel notified the court of [the media coverage]," *id.* at *14; and (4)

4

Watson failed to demonstrate that he suffered any prejudice from any misinformation he may have received regarding his plea agreements, *id.* at *15-18. The Appellate Court denied Watson's petition for a rehearing on July 5, 2012. R. 60-1 at 455. Watson did not file a petition for leave to appeal with the Illinois Supreme Court regarding either his direct appeal or his post-conviction petition.

After the Appellate Court affirmed Watson's conviction on direct appeal, but before the Appellate Court denied his post-conviction petition, Watson filed a pro se successive post-conviction petition on October 13, 2011, that he also titled a motion for "leave to file successive post conviction [sic] petition." *See* R. 60-1 at 457-85. Watson argued that (1) the indictments against him were "fatally defective," *id.* at 465; (2) the State suppressed testimony relevant to the "other crimes evidence" admitted against him at trial, and trial counsel was ineffective for not raising this issue, *id.* at 466; and (3) appellate counsel was ineffective for not appealing Watson's guilty pleas, *id.* at 466. The Illinois Circuit Court denied Watson's petition, finding that despite the heading of the document Watson filed, Watson had in fact failed to request leave to file a successive petition. *Id.* at 704. The court also found, in the alternative, that Watson had failed to comply with Illinois law governing successive post-conviction petitions, 721 ILCS 5/122-1(f), because he had already raised his ineffective assistance of trial counsel claims in his prior petition, and he had failed to show cause for his failure to raise his new claims (i.e., his claims that the State suppressed certain evidence, that his indictments were defective, and that appellate counsel was ineffective). R. 60-1 at 704. The court also

found that Watson had failed to demonstrate prejudice because had these new claims "been presented in the initial petition, there is scant probability that petitioner would have prevailed." *Id.*

Watson appealed the Circuit Court's denial of his successive post-conviction petition through counsel. Watson also sought leave to file two pro se supplemental briefs, and the Appellate Court denied both requests. *See* R. 62 at 113-15. Copies of Watson's pro se briefs do not appear to be included in the record filed by the Warden or the documents filed by Watson.

On February 13, 2014, the appellate court affirmed denial of Watson's successive petition. The court noted that Watson's appeal "solely contend[ed] that the circuit court committed procedural error by denying him leave to file a successive petition . . . . [and that Watson] has raised no substantive issues regarding the allegations in his petition, including whether he satisfied the cause and prejudice test, and, thus, has waived those issues for review." R. 60-1 at 629. The Appellate Court held that any error the Circuit Court committed in denying Watson's petition for failure to seek leave to file was harmless because the Circuit Court also addressed the factors of 721 ILCS 5/122-1(f) and found that Watson had failed to demonstrate cause or prejudice as required. R. 60-1 at 629-30.

Watson filed a petition for leave to appeal from the Appellate Court's denial of his successive post-conviction petition on March 4, 2014. R. 60-1 at 633. The Illinois Supreme Court denied the petition on May 28, 2014. *Id.* at 778.

Watson filed a habeas petition in this Court pursuant to § 2254 on March 26, 2013, R. 1, and filed two amended petitions on October 22, 2013. R. 27; R. 28. Watson challenges his jury conviction, *see* R. 27, and one of his guilty pleas, *see* R. 28—namely, his plea in the case in which the victim testified against Watson during his jury trial. Watson makes the following arguments in support of his petitions: (1) the judgment on a jury conviction is void because the State suppressed testimony relevant to the other crimes evidence admitted at his trial, R. 27 at 5-6; (2) the Circuit Court improperly denied Watson's successive post-conviction petition for failure to request leave to file, *id.* at 7; (3) certain of the indictments against Watson were defective because they were beyond the statute of limitations, *id.* at 8; (4) Watson's trial and appellate counsel were ineffective, *id.* at 9; and (5) the indictment based on the testimony that was used as "other crimes evidence" during his jury trial "was void from its inception," R. 28 at 5.

## Analysis

### I. Complete Round of State-Court Review

The Warden argues that the claims that Watson raises in his petitions under § 2254 are procedurally defaulted and that there are no grounds to excuse the default of those claims. *See* R. 59 at 15-19. A "claim [is] procedurally defaulted when a petitioner fails to 'fairly present' his claim to the state courts, regardless of whether he initially preserved it with an objection at the trial level." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). "To fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-

court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

Watson failed to file a petition for leave to appeal to the Illinois Supreme Court regarding his direct appeal or his initial post-conviction petition. For this reason, neither Watson's direct appeal nor his initial petition for post-conviction relief constitute a "complete round of state-court review."

Unlike his direct appeal and initial petition for post-conviction relief, Watson filed a petition for leave to appeal with the Illinois Supreme Court regarding his successive post-conviction petition. The Warden also concedes that Watson "raised each of his habeas claims in his successive state postconviction [sic] petition." R. 59 at 16. The Warden argues, however, that this does not constitute a "complete round of state-court review" because Watson "raised no substantive issues regarding the allegations of his petition" with the Appellate Court. *Id.*

Watson does not dispute that the brief his counsel filed in support of his appeal on his successive post-conviction petition did not raise the issues he raises in his habeas petition or that he challenged only the Circuit Court's procedural error. Watson contends, however, that he raised these issues in a pro se brief. *See* R. 62 at 11. The Seventh Circuit has held that such "hybrid representation," including both a counseled brief and pro se brief, "qualifies as fairly presenting a claim." *Kizer v.*

8

*Uchtman*, 165 Fed. App'x 465, 468 (7th Cir. 2006) (reversing the district court's determination of procedural default where petitioner raised habeas issues before the state court in a pro se brief); *see also Smith v. Pfister*, 2013 WL 1568063, at *8-9 (N.D. Ill. Apr. 11, 2013) (discussing *Kizer* and holding that a petition may fairly present an issue through "hybrid representation" in a pro se brief).

Watson has supplied the Court with a letter from his counsel stating that counsel would "submit to the appellate court [Watson's] pro se supplemental brief," *id.* at 113, and the Appellate Court's order denying him leave to file a pro se brief. R. 62 at 114-15. The Court, however, does not have copies of Watson's briefs, and so the Court does not know what issues Watson raised in those briefs. Without reviewing those briefs, the Court cannot determine whether Watson's claims were fairly presented to the state courts.

## II. Independent and Adequate State Law Grounds

If Watson's failure to fairly present his claims to the state courts was the Warden's only argument for denial of Watson's petition, the Court would require the Warden to provide the Court with Watson's pro se briefs and to address the question of whether Illinois's "rule" against hybrid representation is an "independent and adequate state law ground" for denial of Watson's petition.[1] The

---

[1] Apart from the question of whether a petitioner fairly presented certain issues to the state courts, a number of courts in this District have held that Illinois's rule against hybrid representation is an independent and adequate state law ground that can serve to procedurally bar habeas relief for issues presented in a pro se brief. *See Diaz v. Pfister*, 2013 WL 4782065, at *13 (N.D. Ill. Sept. 4, 2013); *Galvez v. Hardy*, 2012 WL 588809, at *3-4 (N.D. Ill. Feb. 22, 2012); *Cumbee v. Hardy*, 2012 WL 138647, at *2 (N.D. Ill. Jan. 18, 2012); *Dolis v. Gilson*, 2009 WL 5166228, at *8

9

Warden, however, also argues that Watson's petition should be denied because the state court declined to reach the merits of Watson's claims pursuant to 725 ILCS 5/122-1(f). For the following reasons, the Court agrees and no further examination of Watson's pro se briefs is necessary.

Even when a habeas petitioner has fairly presented a claim to the state courts, that "claim will be procedurally defaulted—and barred from federal review—if the last state court that rendered judgment 'clearly and expressly' states that its judgment rests on a state procedural bar." *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)). "Accordingly, [courts do] not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court is independent of the federal question and adequate to support the judgment." *Lee*, 750 F.3d at 693 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "An independent state ground will be found when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Lee*, 750 F.3d at 693. "A state law ground is adequate when

---

(N.D. Ill. Dec. 23, 2009). Other courts, however, have questioned whether the Illinois Appellate Court's denial of leave to file a pro se brief in such circumstances truly is indicative of a "rule" sufficient to establish "an independent and adequate state law ground." *See Smith*, 2013 WL 1568063, at *9-10; *Lesure v. Atchison*, 891 F. Supp. 2d 920, 927 (N.D. Ill. 2012); *Parker v. Chandler*, 2011 WL 221834, at *8 (N.D. Ill. Jan. 24, 2011). In any event, since the Warden has not argued that any issues Watson presented in a pro se brief appealing his successive post-conviction petition should be barred based on the Appellate Court's denial of leave to Watson to file his pro se brief, and the Court finds that Watson's petition is procedurally defaulted due to a different state law ground, *see infra*, the Court need not choose a side in this debate.

it is a firmly established and regularly followed state practice at the time it is applied." *Id.*

Illinois law prohibits a successive post-conviction petition unless:

> [the] petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purpose of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process.

725 ILCS 5/122-1(f). The Circuit Court denied Watson leave to file a successive post-conviction petition pursuant to § 5/122-1(f), because Watson "failed to identify any objective factor, which impeded his efforts to raise the claim in the earlier proceeding." R. 60-1 at 704. The Circuit Court held further that Watson "failed to demonstrate that any prejudice inured from the failure to assert [his] claim[s] earlier. . . . [because] [h]ad [his] claim[s] been presented in the initial petition, there is scant probability that petitioner would have prevailed." *Id.* The Appellate Court noted that the Circuit Court "addressed the allegations in [Watson's] petition under the cause and prejudice test [of § 5/122-1(f)], and denied [Watson] leave after finding that he failed to satisfy that test." R. 60-1 at 629. These statements from the Circuit and Appellate Courts show that both courts "clearly relied on" § 5/122-1(f) in denying Watson's petition.

Additionally, § 5/122-1(f) is "a firmly established and regularly followed state practice." Several courts in this District have denied habeas petitions as procedurally barred when the state courts relied on § 5/122-1(f) to deny the successive post-conviction petition. *See Thomas v. Pfister*, 2014 WL 2777262, at *7 (N.D. Ill. June 17, 2014); *McKinley v. Harrington*, 2014 WL 1292798, at *7 (N.D. Ill. Mar. 31, 2014); *Nitz v. Anglin*, 2014 WL 831610, at *9 (N.D. Ill. Mar. 4, 2014); *Rios v. Hardy*, 2013 WL 1103480, at *2 (N.D. Ill. Mar. 15, 2013); *see also Woods v. Schwartz*, 589 F.3d 368, 376 (7th Cir. 2009) (noting that "Under Illinois law, '[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.'" (quoting 725 ILCS 5/122-3)); *Johnson v. Loftus*, 518 F.3d 453, 458 (7th Cir. 2008) ("Illinois has long had a law which states that a prisoner is entitled to only one postconviction proceeding."). Accordingly, Watson's claims are procedurally barred.

### III. Excuse for Procedural Default

A court "can excuse a procedural default if a petitioner is able to show both cause and prejudice or that failure to review the claim will result in a fundamental miscarriage of justice." *Lee*, 750 F.3d at 694 (citing *Coleman*, 501 U.S. at 750). "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his claim." *Richardson*, 745 F.3d at 272. "Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Thompkins v.*

*Pfister*, 698 F.3d 976, 987 (7th Cir. 2012). In order to demonstrate a fundamental miscarriage of justice, a petitioner "must convince the court that no reasonable trier of fact would have found him guilty but for the error allegedly committed by the state court." *Bolton v. Akpore*, 730 F.3d 685, 697 (7th Cir. 2013).

Watson advances several different arguments in an attempt to demonstrate cause for his procedural default. First, Watson argues that the judgments against him stemming from (1) the jury verdict, and (2) his guilty plea in the case involving the victim whose testimony was used to show Watson's propensity during his jury trial, are "void." R. 27 at 5; R. 62 at 19-20. He contends these judgments are void because the victim in the case to which Watson pled guilty gave inconsistent testimony in that she testified at trial that Watson had a knife, whereas she told the grand jury that he punched her. R. 27 at 5; R. 62 at 19-20. Watson, however, does not explain how this argument describes an "impediment" that prevented him from "presenting his claim" in state court. In fact, Watson raised his concerns about the propensity evidence on direct appeal and in his post-conviction petitions. Watson's characterization of these judgments as "void" does not address either source of his procedural default, i.e., the state courts' reasoning for denying his successive post-conviction petition pursuant to § 5/122-1(f), or his failure to file petitions for leave to appeal with the Illinois Supreme Court on direct appeal or his initial post-conviction petition.

Watson argues that his procedural default should be excused because the state court's denial of his successive post-conviction petition was based on an

"erroneous procedural ruling." R. 30 at 2. This is an argument that the state court's decision was wrong, not an argument to excuse the default. Such an argument cannot establish cause.

Watson also contends that "a procedural default will not bar a [f]ederal habeas court from hearing a substantial claim of ineffective [a]ssistance at trial." R. 30 at 3 (citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)). The "narrow exception" to procedural default provided in *Martinez*, 132 S. Ct. at 1315 (and elaborated further in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013)), is not as broad as Watson's argument implies. Rather, *Martinez* and *Trevino* were concerned with certain state procedures that required defendants to raise ineffective assistance claims during initial collateral review, and barred such claims if they were not properly presented at that stage. Illinois does not place such a burden on defendants. *See Toliver v. Pfister*, 2014 WL 4245788, at *5 (N.D. Ill. Aug. 27, 2014); *cf. Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014) (neither does Wisconsin). In fact, Watson raised his ineffective assistance claims in his initial post-conviction petition, and Watson's appellate counsel raised the claim in appealing the denial of the petition. Again, Watson's procedural default was due to his failure to file a petitions for leave to appeal with the Illinois Supreme Court, and then his failure to satisfy § 5/122-1(f), not any failure by his appellate counsel.

By contrast, Watson's claim for ineffective assistance of *appellate* counsel was procedurally defaulted solely because he only raised it for the first time in his successive post-conviction petition. Watson argues, however, that due to the fact

14

that his direct appeal and initial post-conviction petition proceeded simultaneously, his successive post-conviction petition was his first opportunity to raise a claim for ineffective assistance of appellate counsel. *See* R. 62 at 4. The Court agrees that these circumstances constitute cause for Watson not presenting the claim earlier.

Although the sequencing of Watson's appeals demonstrates cause, he cannot demonstrate prejudice. This is because Watson claims his appellate counsel was ineffective for failing to raise claims appellate counsel in fact raised. Watson's claims that "appellate counsel . . . allowed the record to remain distorted pertinent to the other crimes evidence." R. 27 at 9. But the briefs filed by Watson's appellate counsel did address this issue. *See* R. 60-1 at 107, 319. Watson also argues that his appellate counsel "refused to brief any issues pertinent to" the cases in which Watson pled guilty. *See* R. 62 at 5. But appellate counsel raised the adequacy of these pleas on appeal of Watson's initial post-conviction petition. *Id.* R. 60-1 at 321. Since the record belies Watson's claims that his appellate counsel was ineffective for the reasons Watson describes, Watson cannot demonstrate prejudice to establish an excuse for his procedural default.

Additionally, to the extent that Watson means to argue that he was subject to a "fundamental miscarriage of justice" as a result of an alleged change in testimony of the victim in the case used to show propensity at his trial, the Court rejects this argument. The jury that convicted Watson of sexual assault had DNA evidence connecting Watson to the crime, and testimony of the victim. This evidence is more than sufficient for a reasonable jury to have convicted Watson even absent evidence

15

of Watson's propensity to commit such crimes. No "fundamental miscarriage of justice" could have occurred under such circumstances.

## IV. Certificate of Appealability

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Gonzalez v. Thaler*, 132 S.Ct. 641, 649 n.5 (2012). Where, as here, a petition is disposed of based on a procedural bar, without reaching the merits of the underlying constitutional claims, a certificate of appealability should issue only if "reasonable jurists" would find the adjudication of the antecedent procedural ruling "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, there is no debate that a failure to fairly present a claim through a complete round of state court review is a procedural bar. Additionally, other courts in this District have declined to issue a certificate of appealability for claims barred by 725 ILCS 5/122-1(f). *See Thomas*, 2014 WL 2777262, at *8; *Nitz*, 2014 WL 831610, at *22; *Rios*, 2013 WL 1103480, at *4. The Court denies Watson a certificate of appealability on this basis. *See Slack*, 529 U.S. at 584 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

## Conclusion

For the foregoing reasons, Watson's petitions, R. 27; R. 28, are denied, and the Court also declines to issue a certificate of appealability for any of the claims in the petitions. Watson's motion for disclosure of the grand jury transcript, R. 63, is also denied because the Court does not find it necessary to address Watson's petitions.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 11, 2015